UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80280-CIV-MARRA/JOHNSON

NORRIS HEAD, LOLITHA HEAD, DERRICK
PINDER, NORRIS HEAD III and NYJAH HEAD

    Plaintiffs
vs.

CORNERSTONE RESIDENTIAL MANAGEMENT,
INC., and PORTOFINO ASSOCIATES LTD d/b/a
PORTOFINO APARTMENTS

    Defendants.
_____/

## OPINION AND ORDER DISMISSING COUNT III

**THIS CAUSE** is before the Court upon Plaintiffs' Motion For Partial Summary Judgment on Count III of Plaintiff's [sic] Complaint [DE 60] and Defendants' Motion For Judgment on the Pleadings [DE 66]. The motions are fully briefed and ripe for review. The Court has carefully considered the relevant filings, and is otherwise fully advised in the premises.

Count III of the Complaint alleges a violation of the Fair Credit Reporting Act ("FCRA"). Plaintiffs' Motion for Partial Summary Judgment asserts that there is no genuine issue of material fact that Defendants willfully violated the FCRA evidenced by Defendants not having provided notice to Plaintiffs of the adverse use of Lolitha Head's credit report. Defendants respond that there is no private cause of action under 15 U.S.C. § 1681m of the FCRA and Lolitha Head's only remedy for such a violation is confined to appropriate administrative enforcement. *See* 15 U.S.C. §

1681(m)(h)(8)(B) and 15 U.S.C. § 1681s.  Indeed, Defendants filed a separate motion, for Judgment on the Pleadings, seeking an order in their favor on Count III of the Complaint based on the fact that the lack of a private right of action equates to the Court lacking subject matter jurisdiction over the claim.

The existence of a private right of action goes to the subject matter jurisdiction of the court.  See *Baggett v. First Nat. Bank of Gainesville,* 117 F.3d 1342, 1345 (11th Cir. 1997) (noting that a private right of action is a jurisdictional prerequisite); *see also Sierra Club v. Hodel*, 848 F.2d 1068, 1076 n.6 (10th Cir. 1988), overruled on other grounds by, *Village of Los Ranchos De Albuquerque v. Marsh*, 956 F.2d 970 (10th Cir. 1992); *Oldfield v. Athletic Congress*, 779 F.2d 505, 508 (9th Cir. 1985).

Plaintiffs filed both a reply to their motion and a response to Defendants' motion stating, verbatim: "The Defendants are correct" (emphasis in originals).  See *Carlisle v. United States*, 517 U.S. 416 (1996).  Accordingly, noting that Plaintiffs acknowledge that they cannot proceed on Count III of their Complaint, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion For Partial Summary Judgment on Count III of Plaintiff's [sic] Complaint [DE 60] is DENIED.
2. Defendants' Motion For Judgment on the Pleadings [DE 66] is GRANTED.

      3.      Count III is dismissed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of January, 2010.

> KENNETH A. MARRA
> United States District Judge

copies to:
All counsel of record